UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Plato Interactive Learning, Inc., d/b/a Plato Learning of Minnesota, Inc. (f/k/a TRO Learning, Inc.), a Minnesota Corporation,

Plaintiff,

vs.

Riverdeep Interactive Learning Limited, Theresa McCollum, Sam Miles, Kelly Kilgore-Halverson, Teresa Low, Arthur Lin, Elizabeth Laboski, Carol Truesdale, individuals, and Riverdeep, Inc., a Massachusetts corporation,

Defendants.

Civil Filing No.: 01-108 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Gregory P. Wilken for Plaintiff.
Laura A. Pfeiffer for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 20, 2001, on Defendants' Motion to Dismiss or to Transfer Venue [#21].[1] The gravamen of this action is Plaintiff Plato Interactive Learning, Inc's ("Plato's") allegation that the individual Defendants breached their employment contracts with Plaintiff and went to work at Defendant Riverdeep Interactive Learning Limited ("Riverdeep"). (Complaint at ¶¶ 30-48). Defendants

---

[1]As of the date of the motion hearing, only Defendant Riverdeep and the individual Defendants Theresa McCollum, Kelly Kilgore-Halvorson, Arthur Lin, and Carol Truesdale, all presently employees of Riverdeep, had joined in the Motion.



FILED AUG 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

seek to dismiss this action on the grounds that this Court cannot exercise personal jurisdiction over the Defendants and venue does not exist within this District. For the reasons which follow, Defendants' Motion must be denied.

## I. BACKGROUND

Plato is a Minnesota corporation with its principal place of business in Bloomington, Minnesota. (Complaint at ¶ 1). Defendant is a Delaware corporation with its principal place of business in Cambridge, Massachusetts. (Complaint at ¶ 9).

The individual defendants all worked for Plato prior to becoming Riverdeep employees, but none of them worked in Minnesota. (Smyth Aff. at ¶ 18-19). Each of the individual Defendants was a regional sales representative based in another state. (Id.). Riverdeep's sales representatives market Riverdeep products throughout the United States. (See Wilken Affidavit, Exhibit A, at 55). Riverdeep also maintains a presence on the World Wide Web, and claims to provide services in Minnesota. (See www.riverdeep.net; Wilken Aff., Exhibit B). Minnesota residents may purchase Riverdeep products over the Internet through Riverdeep's "eStore." (Wilken Aff., Exh. E). Riverdeep's CD-ROM-based products are currently licensed to and installed in approximately 5,000 schools in the United States. (See Wilken Affidavit, Exhibit A, at 47). Over 600,000 students currently subscribe to Riverdeep products. (Id.). Riverdeep's products are also bundled with computer hardware from Compaq and other computer manufacturers. (Id.).

Between January, 1995, and May, 2000, Plato employed Defendants Theresa McCollum, Sam Miles, Kelly Kilgore-Halvorson, Teresa Low, Arthur Lin, Elizabeth Laboski and Carol Truesdale. (See Complaint ¶¶ 14-19). At the beginning of 2000, and as a condition of their

employment with Plato, each of the individual Defendants signed an employment agreement. (Affidavit of Patricia Hawver, Exh. A). These agreements were faxed to Plato headquarters in Minnesota. (Hawver Aff. ¶ 4). Among other provisions, the agreements provided that:

> This Plan shall supersede all prior Compensation Plans and all prior written or oral agreements and understandings of any kind with respect to the employee's compensation. Minnesota law shall apply to this Plan.

(Id.).

While they were employed, Plato maintained regular contact with the individual Defendants. Plato holds an annual sales meeting in Minnesota which each of the individual Defendants would have attended during every year that they were employed by Plato. (Hawver Aff. ¶ 5). Defendants were paid from Plato's Minnesota headquarters. (Hawver Aff. ¶ 8). Regular business contact was maintained with Plato officials in Bloomington, Minnesota. (Hawver Aff. ¶ 9). All product orders for sales were centrally processed at Plato headquarters. (Hawver Aff. ¶ 10).

Riverdeep employed Barry Persby as a sales representative in Minnesota for eight months during the year 2000. (Smyth Aff. at ¶ 7-8). Persby maintained an office in Minnesota and was responsible for developing accounts and marketing Riverdeep products in Minnesota and Wisconsin. (Persby Affidavit). Persby made over 550 contacts with school officials in Minnesota schools, distributed Riverdeep product literature, kept regular contact with Riverdeep officials in Massachusetts, and submitted expense reimbursement forms from Minnesota to Riverdeep employees. (Id.). Riverdeep paid Persby a salary of $70,000 per year. (Id. at ¶ 5).

## II. ANALYSIS

### A. The Court Has Personal Jurisdiction Over the Defendants

Rule 12(b) of the Federal Rules of Civil Procedure requires a plaintiff to affirmatively set forth the basis for jurisdiction. 5 Wright & Miller, Federal Practice and Procedure § 1206, at 93 (2d ed. 1990)(citing Ivey v. Frost, 346 F.2d 115 (8th Cir. 1965)). In a motion to dismiss for lack of jurisdiction over the person, "[t]he burden of proof is on the party seeking to establish the court's in personam jurisdiction and the burden does not shift to the party challenging jurisdiction." Gould v. P.T. Krakatav Steel, 957 F.2d 573, 575 (8th Cir. 1992); see also Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990). However, the non-moving party need only establish a prima facie case to defeat a motion to dismiss. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995). When considering a motion under Rule 12(b)(2), the Court must treat the facts in the light most favorable to the party opposing the motion. Aaron Ferer & Sons Co. v. Diversified Metal Corp., 564 F.2d 1211, 1215 (8th Cir. 1977). "Doubts should be resolved in favor of retention of jurisdiction." Hunter-Keith, Inc. v. General Electric Credit Corp., 1987 W.L. 8592 (D.Minn.).

#### 1. The Requirements of Minnesota's Long-Arm Statute Are Met

In analyzing challenges to jurisdiction, the court first considers whether the requirements of the forum state's long-arm statute have been satisfied. Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)(quoting PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process. Id. (citing

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)(citations omitted)). As Minnesota's long-arm statute permits courts to assert jurisdiction over defendants to the extent permitted by federal due process, this issue need not be analyzed further. See Minn. Stat. § 543.19; Domtar, Inc. v. Niagara Fire Ins. Co., 533 N.W.2d 25, 29 (Minn.), cert. denied, 516 U.S. 1017, 116 S.Ct. 583 (1995).

**2. Minimum Contacts**

The limits of federal due process are established by a two-part test. First, constitutionally sufficient "minimum contacts" between the forum state and the defendant must exist. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985). The minimum contacts analysis looks to "the relationship among the forum, the defendant, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580 (1977). The defendant must purposefully avail itself of the privilege of conducting activities within the forum State, thereby invoking the benefit and protection of the forum State's laws. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958); see also Burger King, 471 U.S. at 472, 105 S.Ct. at 2182 (stating defendant must have "purposefully directed" its activities toward residents of the forum).

**a. General Jurisdiction – Riverdeep**

In determining the existence of minimum contacts, courts recognize a difference between general and specific personal jurisdiction. "General jurisdiction arises when a defendant has 'continuous and systematic contacts' with the forum state. Specific jurisdiction can arise from a single contact if the cause of action arose out of that contact." Marshall v. Inn on Madeline Island, 610 N.W.2d 670, 674 (Minn. Ct. App. 2000)(quoting Helicopters Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16, 104 S.Ct. 1868, 1872-73 (1984)). "In a general

jurisdiction case, a defendant conducts so much business within a state that it becomes subject to the jurisdiction of that state's courts for any purpose." Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 411 (Minn. 1992).

Plaintiff argues that general jurisdiction exists over Defendants in Minnesota for the following reasons: (1) a Minnesota teacher has installed and used Riverdeep software in Minnesota; (2) Riverdeep employed a salesperson within Minnesota to sell its products; (3) the individual Defendants received or would have received training at Plato's headquarters in Minnesota; and (4) Riverdeep maintains an Internet web site accessible by Minnesota residents.

While the significance of the first three factors noted by Plaintiff is clear, the importance of Riverdeep's web site to personal jurisdiction analysis is not. Decisions on this issue tend to find that a web site is sufficient to establish minimum contacts when the site offers numerous opportunities for the exchange of data and highly interactive features. See, e.g., Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Penn. 1997)(likelihood that personal jurisdiction can be constitutionally exercised based on entity's presence on Internet is directly proportionate, in manner of sliding scale, to nature and quality of commercial activity that entity conducts over Internet); Compuserve v. Patterson, 89 F.3d 1257 (6th Cir. 1996)(Texas shareware author who sold software to Ohio residents could be sued in Ohio after transmitting data to Ohio distributor); Sports Authority Michigan, Inc. v. Justballs, Inc., 97 F.Supp.2d 806 (E.D. Mich. 2000)(on-line advertisements do not establish minimum contacts, but actual on-line sales do). Where the web site provides for a low level of interactivity, courts find the web site insufficient to establish minimum contacts. See, e.g., Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir. 1997)(passive website not targeted at Arizona residents did not support "purposeful

availment," resulting in lack of personal jurisdiction); Bensusan Restaurant Corp. v. King, 937 F.Supp. 295, 301 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997)(simple hyperlink is insufficient to establish personal jurisdiction); Stomp, Inc. v. Neato, LLC, 61 F.Supp.2d 1074 (C.D.Cal. 1999); Mink v. AAAA Development, Inc., 190 F.3d 333, 336 (5th Cir. 1999)(applying Zippo, website that only posted information about defendant and provides a printable mail-in order form constituted insufficient ground for exercise of personal jurisdiction); S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc., 79 F.Supp.2d 537, 541 (E.D.Pa. 1999)(holding maintenance of a toll-free number, e-mail and printable lease form on web site insufficient to establish personal jurisdiction); GTE New Media Services v. Bellsouth Corp., 199 F.3d 1343 (D.C. Cir. 2000)(mere accessibility of website did not establish "minimum contacts"; defendants' interactive Yellow Pages website did not satisfy provision of D.C. long-arm statute requiring "persistent course of conduct" or "transacting business" in the District).

Riverdeep's web site is highly interactive. In addition to providing information about Riverdeep and its products, it provides options for e-mailing Riverdeep representatives, offers a free thirty-day subscription to riverdeep.net, allows users to purchase Riverdeep products, and provides the name of a Riverdeep sales representative for every state in the Union. Such a high degree of interactivity places the Riverdeep web site far along the spectrum – certainly far enough to support the Court's conclusion that minimum contacts exist between Riverdeep and Minnesota.

This decision is in accordance with previous Minnesota state and federal decisions subjecting various entities to suit. See State of Minnesota v. Granite Gate Resorts, Inc., 568 N.W.2d 715 (Minn. Ct. App. 1997); Tonka Corp. v. TMS Entertainment, Inc., 638 F.Supp. 386,

391 (D.Minn. 1985)(holding that Minnesota can exercise personal jurisdiction over California corporation that produced television program it knew would be broadcast nationwide); BLC Ins. Co. v. Westin, Inc., 359 N.W.2d 752, 755 (Minn. Ct. App. 1985)(Wisconsin corporation's decision to advertise Wisconsin bar on Twin Cities radio station should have led corporation to reasonably anticipate suit in Minnesota).

Even if the web site was insufficient on its own to establish minimum contacts, other facts support a finding of minimum contacts between Riverdeep and Minnesota – Riverdeep's Minnesota sales, and Riverdeep's employment of a Minnesota sales representative. Viewed together, the conclusion that minimum contacts exist is inescapable.

**b. General Jurisdiction - Individual Defendants**

Minimum contacts must also exist between Minnesota and the individual defendants. Courts have held that sales representatives employed outside the forum state need not be physically present within the forum state to be subject to the jurisdiction of the forum state. Custom Vinyl Compounding, Inc. v. Bushart & Associates, Inc., 810 F.Supp. 285 (D. Colo. 1992)(Colorado could assert personal jurisdiction over nonresident defendants who entered into agreements with a Colorado corporation to serve as sales representatives outside of Colorado); Neef Athletic Lettering Co. v. Walters, 524 F.Supp. 268 (S.D. Ohio 1981)(personal jurisdiction over sales representative based outside forum state).

In Custom Vinyl, the district court found that personal jurisdiction could be exercised over individual defendants where the defendants entered into agreements with a Colorado corporation to serve as sale representatives for territories outside Colorado, and the defendants placed customer orders and attended meetings with the corporation. In this case, the individual

defendants attended sales meetings in Minnesota, maintained frequent contact with Plato employees in Minnesota by telephone, facsimile, and e-mail, telephoned sales orders to Plato headquarters in Minnesota, and received commission checks from Minnesota. As such, the instant facts are even more detailed than the facts of Custom Vinyl. Moreover, each of the individual Defendants agreed to be governed by Minnesota law, a factor which carries some weight in determining the presence of general jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Wessels, Arnold & Henderson, 65 F.3d at 1427 (while a choice of law provision in itself is insufficient to create personal jurisdiction, it is a relevant consideration in determining whether a defendant has purposefully availed itself of the forum state).

Accordingly, this Court finds that the State of Minnesota has general jurisdiction over the instant individual Defendants.

**c. Specific Jurisdiction**

Because the Court finds that general jurisdiction exists between Minnesota and all Defendants, we need not determine the whether specific jurisdiction is present.

**3. Fair play and justice**

If minimum contacts are established, jurisdiction must still comport with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). To determine whether it is reasonable and fair to require a non-resident defendant to defend itself in a particular forum, courts consider: (i) the burden on the defendant; (ii) the plaintiff's interest in obtaining convenient and effective relief; (iii) the forum state's interest in adjudicating the dispute; and (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies. See Asahi Metal Ind. Co. v. Superior Ct.

of Calif., 480 U.S. 102, 107 S.Ct. 1026 (1987). On this factor, the burden is on Defendant to prove that the exercise of jurisdiction is unreasonable. Burger King, 471 U.S. at 476.

With regard to the first factor, the burden on Defendants is minimal. Defendant is a large corporation with a nation-wide business that is well capable of defending an action in Minnesota. The second factor, Plato's interest in obtaining convenient and effective relief, is certainly advanced by hearing the case in Minnesota. Given that Plato is a Minnesota resident, Minnesota's interest in adjudicating the dispute is at least as large as that of Massachusetts or any other proposed venue. Finally, given that Minnesota law governs this action, having a Minnesota court hear the case is undoubtedly the most efficient way for the interstate judicial system to handle this case. For these reasons, the Court finds that Defendants have not succeeded in carrying their burden of demonstrating that the exercise of jurisdiction in Minnesota is unreasonable.

**B. Minnesota Is a Permissible Venue for this Action**

Venue statutes serve "the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990), cert. denied, 499 U.S. 922 (1991); Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc., 784 F.Supp. 306, 316 (D. S.C. 1992). Plaintiff bears the burden of proving that venue in this District is appropriate. See Bartholomew v. Virginia Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir. 1979); Naegler v. Nissan Motor Co., Ltd., 835 F.Supp. 1152, 1156-57 (W.D. Mo. 1993); see generally McGhan v. F.C. Hayer Co., 84 F.Supp. 540, 541-42 (D. Minn. 1949).

28 U.S.C. § 1391 controls whether venue for the instant case is properly found in Minnesota. It states, inter alia, that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same States, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> ....
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391. The plain meaning of subdivision (c) provides that the District of Minnesota may properly exercise venue over Riverdeep because of the Court's previous finding that it had personal jurisdiction over Riverdeep. As for the individual Defendants who are not employees of Riverdeep, the Court must determine whether "a substantial part of the events or omissions giving rise to the claim occurred" in Minnesota. Analysis of the record before the Court convinces us of that proposition.

All of the individual Defendants were at one time or another employees of Plato. Each of the individual Defendants signed an employment agreement that was faxed to Plato headquarters in Minnesota. The agreements applied Minnesota law. Each individual Defendant maintained close contact with Minnesota, traveled to Minnesota for sales meetings, and was paid from Minnesota. Product orders resulting from sales made by the individual Defendants were processed in Minnesota. In short, interaction with various Plato entities in Minnesota was a

substantial part of the individual Defendants' employment with Plato, and it was the breach of that employment that has led to the filing of the instant case. It is incontestable that "a substantial part of the events or omissions giving rise to the claim occurred" in Minnesota.

Therefore, it is appropriate for this case to be venued here.

## III. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss [#8] be **DENIED**. This case shall remain venued in the District of Minnesota.

Dated: August 30, 2001

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500