***EXHIBIT B***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Plato Learning, Inc., d/b/a Plato Learning of Minnesota, Inc. (f/k/a TRO Learning, Inc.), a Minnesota Corporation

Plaintiff,

vs.

Theresa McCollum, Sam Miles, Kelly Kilgore-Halvorson, Teresa Low, Arthur Lin, Elizabeth Laboski, Carol Truesdale, individuals, and Riverdeep, Inc., a Massachusetts Corporation,

Defendants.

Civil No. 01-108 JRT/FLN

**ORDER OF DISMISSAL WITH PREJUDICE**

---

Upon consideration of the Parties' Stipulation for Dismissal With Prejudice and attached Settlement Agreement and Release executed and filed with the Court in this matter,

IT IS HEREBY ORDERED:

That the above-captioned matter be dismissed in its entirety with prejudice, without award of costs or attorneys' fees to any party.

LET JUDGMENT THEREUPON BE ENTERED.

Dated: Nov 2, 2001

[signature]
The Honorable John R. Tunheim
United States District Court

NOV 5 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 5 2001
DEPUTY CLERK

***EXHIBIT A***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

PLATO Learning, Inc., d/b/a PLATO Learning of Minnesota, Inc. (f/k/a TRO Learning, Inc.) a Minnesota Corporation,

Plaintiff,

vs.

Theresa McCollum, Sam Miles, Kelly Kilgore-Halvorson, Teresa Low, Arthur Lin, Elizabeth Laboski, Carol Truesdale, individuals, and Riverdeep, Inc., a Massachusetts Corporation,

Defendants.

Civil No. 01-108 JRT/FLN

**STIPULATION OF DISMISSAL WITH PREJUDICE**

---

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties through their respective counsel that, pursuant to the attached Settlement Agreement and Release, Plaintiff's cause of action and all claims, counterclaims, crossclaims, defenses and/or other claims or defenses that have been, or may have been asserted against Defendants, or against Plaintiff, may be dismissed with prejudice, on the merits and without award of attorneys fees, costs or disbursement to any party, and that counsel for Plaintiff may and shall forthwith and without notice to any other party, apply to the Court pursuant to this Stipulation for an Order of Dismissal with Prejudice, in the form also attached hereto, upon which Judgment of Dismissal shall be entered.

Dated: October 29, 2001

SEATON, BECK & PETERS, P.A.

Douglas R. Seaton (#127759)
7301 Ohms Lane, Suite 320
Edina, MN 55439
612 896-1700

ATTORNEYS FOR PLAINTIFF

Dated: October 29, 2001

McDERMOTT, WILL & EMERY

Brian W. Robinson (#556588)
28 State Street
Boston, MA 02109-1775
(617) 535-4000

ATTORNEYS FOR DEFENDANTS

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between PLATO Interactive Learning, Inc. ("Plato" or "Plaintiff") on the one hand, and Theresa McCollum, Kelly Kilgore-Halvorson, Arthur Lin and Carol Truesdale (the "Individual Defendants") and Riverdeep Interactive Learning, Ltd. ("Riverdeep") (jointly the "Defendants"), on the other hand, all of whom collectively are sometimes referred to herein as the "Parties."

WHEREAS, Plato has filed and maintained a lawsuit in the United States District Court, District of Minnesota, Civil Action No. 01-108, (the "Lawsuit") against Defendants asserting various claims arising out of Defendants' breach or interference with employment agreements and unfair competition; and

WHEREAS, the Parties desire to avoid the cost and risks of further litigation proceedings relating to Plato's claims, and to finally and forever settle and resolve in a final and binding manner any and all existing and potential disputes between the Parties hereto which relate to the events described in Plato's Complaint.

NOW, THEREFORE, the Parties, after consulting with counsel, do hereby stipulate and agree for good, adequate and valuable consideration as set forth in this agreement, the receipt of which is hereby acknowledged, as follows:

**1. <u>Consideration</u>**

a) Riverdeep and the Individual Defendants shall refrain from soliciting, recruiting or hiring any current or former employee of Plato, who has signed an agreement with Plato containing a restrictive covenant, during that employee's employment with Plato, and during the post-employment term of that covenant, provided that

this term does not exceed twelve (12) months. This prohibition would remain in effect for a period of twelve (12) months from the date the Parties execute the Agreement with respect to all Plato employees, and for a further period of six (6) months with respect to those current or former employees of Plato who resign or abandon their employment, without diminution or waiver of Plato's right to seek enforcement of its restrictive covenants pursuant to law.

b) Riverdeep and the Individual Defendants shall refrain from using, retaining or disclosing any of Plato's confidential information for a period of thirty-six (36) months from the date the Parties execute this Agreement.

c) Riverdeep shall pay Plato the sum of $50,000.00 in settlement of Plato's claims for damages no later than the close of business on October 24, 2001.

**2. <u>Release</u>**

In consideration of the mutual agreements and promises set forth herein, the sufficiency of which is hereby acknowledged, Plato unconditionally releases and discharges all Defendants who execute this Agreement, including their agents, officers, directors, members, representatives, attorneys and employees, and including any and all affiliated or related entities (hereinafter collectively included in the term "Released Parties") from any and all past and present claims related in any way to the allegations raised in this Lawsuit.

For the purposes of this release, "Claims(s)" shall include but not be limited to all suits, charges, claims, demands, obligations, proceedings, actions, causes of action, damages and expenses of any nature, whether asserted or unasserted, whether known or unknown, whether suspected or unsuspected, whether based in tort, contract, statute, ordinance or any other theory

of recovery, and whether for compensatory, punitive or any other form of damages or other relief.

Plato acknowledges and agrees that all Claims it may have against the Released Parties are extinguished; that this is intended to be a full and general release of all Claims, irrespective of whether Plato executes only one or several counterpart originals, and that this is intended to provide total repose to the Released Parties from all Claims, including specifically, but not limited to all claims which were or could have been asserted in the Lawsuit.

**3. Attorneys' Fees and Costs**

The Parties agree that each is responsible for its own attorneys' fees, costs and disbursements with respect to the present Lawsuit, and each Released Party releases any claim against any of the others for such fees, costs or disbursements, in connection with the Lawsuit.

**4. Dismissal**

a) The Parties agree that, upon the execution of this Agreement by Plato, Riverdeep, and by Counsel for Plaintiff and Counsel for the Defendants, and of the attached Stipulation for Dismissal with Prejudice (Exhibit A) by Counsel for Plaintiff and Counsel for the Defendants, that counsel for Plaintiff may and shall file the Settlement Agreement and the Stipulation for Dismissal With Prejudice and a proposed Order of Dismissal with Prejudice (Exhibit B).

b) Plato agrees that it will cooperate in any other way to ensure the Lawsuit is fully withdrawn and dismissed with prejudice.

**5. Non-Assignability**

The Parties agree that no rights or duties provided for under this Agreement shall be assignable by any Party unless the affected Party or Parties agree in writing. Plato represents

that it has not assigned or promised anyone else any right or duty covered by this Agreement. This Agreement is binding on the Parties, their heirs and successors.

**6. <u>Laws</u>**

The Parties agree that this Agreement shall be governed by Minnesota laws and that any disputes hereunder shall be venued in the United States District Court, District of Minnesota, which shall have jurisdiction thereof.

**7. <u>Whole Agreement</u>**

This Agreement contains the entire agreement between Plato and the Defendants and supersedes any other agreement between the Parties.

**8. <u>Severability</u>**

In case any one or more of the provisions of this Agreement shall be finally determined by the United States District Court, District of Minnesota, to be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

**9. <u>Exhibits</u>**

This Agreement expressly includes as a part hereof the attached Exhibits A and B, which are incorporated by reference.

**10. <u>Counterparts; Effect of Agreement</u>**

This Agreement may be executed simultaneously in two or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument, and shall be effective upon execution by Plato, Riverdeep and counsel for Plaintiff and for Defendants.

Date: ____________, 2001

PLATO ~~INTERACTIVE~~ LEARNING, INC.

By: ____________
Its: PRESIDENT & CEO

Date: October 23, 2001

RIVERDEEP INTERACTIVE LEARNING, INC.

By: ____________
Its: Executive Vice Chairman
James P. Levy

Date: October 29, 2001

SEATON, BECK & PETERS, P.A.

By: ____________
Douglas P. Seaton
7301 Ohms Lane, Suite 320
Edina, MN 55439
(952) 896-1700

ATTORNEYS FOR PLAINTIFF

Date: October 24, 2001

McDERMOTT, WILL & EMERY

By: ____________
Brian W. Robinson
28 State Street
Boston, MA 02109-1775
(617) 535-4000

ATTORNEYS FOR DEFENDANTS